U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

**MEMO ENDORSED**

July 3, 2018

7/9/2018 The request for the modification of judgment restitution is denied for the reasons outlined by the Government in its letter.

*[signed] Colleen McMahon*

By hand
Honorable Colleen McMahon
United States Chief Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: United States v. Carmen Olivo,
    01 Cr. 939 (BSJ)

Dear Judge McMahon:

The Government submits this letter in response to defendant Carmen Olivo's letter requesting that the Court forgive the balance of her outstanding restitution. For the reasons that follow, that request should be denied.

A. Background

On December 9, 2002, defendant was found guilty of conspiracy to traffic in unauthorized access devices in violation of 18 U.S.C. § 1029(a)(2); conspiracy to traffic in device making equipment in violation of 18 U.S.C. § 1029(a)(4); and conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343. On May 14, 2003, the Honorable Barbara S. Jones sentenced defendant thirty-seven months' imprisonment, to be followed by two years of supervised release. The Court also ordered defendant to pay $1,284,869.00 in restitution to the Airlines Reporting Corporation and the International Air Transportation Association.

By letter to the Court dated August 10, 2017, defendant requested that this Court forgive the balance of her restitution because she is disabled and paying the judgment would be a financial hardship.

B. Defendant's Payment History and the Government's Collection Attempts

On July 15, 2005, defendant was released from incarceration. From October 2005 through May 2008, she made monthly payments in amounts ranging from $50.00 to $150.00. Thereafter, defendant moved without informing the Government of her new address. From 2008 through 2017, the Government made several attempts to locate defendant through various credit reports and computer searches. The Government located defendant in 2014, and she completed a financial disclosure form stating that she was unemployed and was "looking for a job."

In 2016, the Government mailed defendant a letter requesting an updated financial disclosure form. The letter was returned by the Postal Service, with no forwarding address. The Government was again unable to locate defendant.

On January 18 and February 15, 2017, the Government received payments of $112.00 from an offset of defendant's social security benefits, through the Treasury Offset Program ("TOP"). On March 1, 2017, defendant contacted this Office and requested that the Government reduce the amount of her offset because the monthly deduction was causing her a financial hardship. Thereafter, as requested by the Government, defendant provided an updated financial disclosure form. The parties agreed that the Government would remove defendant's debt from the TOP, as long as she continued to make voluntary monthly payments of $50.00. Defendant has complied with the agreement, and has been making monthly payments of $50.00 since April 2017.

To date, defendant has paid $3,169.00, and the outstanding balance is $1,499,861.45.

C. The Court Should Deny Any Request for Remission of the Restitution

This Court should deny any request for remission, as defendant has not met the statutory requirements for a correction or reduction of her judgment.[1] Indeed, although the Government may petition the Court to modify or remit fines and assessments, it may not seek to remit or modify restitution judgments. In that regard, 18 U.S.C. § 3573, provides, in pertinent part, only that:

> Upon <u>petition of the Government</u> showing that <u>reasonable efforts to collect a fine or assessment are not likely to be effective</u>, the court may, in the interest of justice –
>
> (1) remit all or part of the unpaid portion of the fine or special assessment, including interest and penalties.

(emphasis added).

Judge Jones imposed the restitution order pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A. The Court should deny any request for remission, because pursuant to the MVRA this Court lacks the authority to remit restitution orders. See United States v. Roper, 462 F. 3d 336, 338 (4th Cir. 2006) ("The MVRA does not explicitly give district courts the authority to remit a restitution order imposed thereunder. Moreover, the fact that such orders are mandatory counsels strongly against a conclusion that the

---

[1] A request for correction or reduction on sentence may only be made within 120 days after sentencing. See Fed. R. Crim. P. 35. Therefore, any possible motion for a reduction in sentence is untimely, as defendant was sentenced more than a fifteen years ago.

MVRA impliedly gives the district court the power to remit them. It would be simply irrational to conclude that a district court has the authority to remit restitution orders that Congress has said must be mandatorily imposed: such authority would nullify the force and effect of the MVRA").

Moreover, even if this section applied to restitution judgments, a petition for remission may only be brought by the Government. 18 U.S.C. § 3573. See United States v. Linker, 920 F.2d 1, 2 (7th Cir. 1990) ("The language of [18 U.S.C § 3573] is plain and unambiguous. By its own terms, it applies strictly to the Government, and not to defendants."); see also United States v. Heimbach, 808 F. Supp. 413, 416 (E.D. Pa. 1992) (denial of defendant's petition for remission, because "only the United States government may petition [the] Court to remit a defendant's fine').

In sum, because (a) the Government has neither filed the petition for remission, nor joins in defendant's request, and (b) in any event, defendant seeks remission of a restitution judgment, to which 18 U.S.C. § 3573 does not apply, any request for remission must be denied.[2]

Thank you for your consideration of this matter.

Respectfully,

GEOFFREY S. BERMAN
United States Attorney

By: _____
Kathleen A. Zebrowski
Assistant United States Attorney
Telephone No.: (212) 637-2710
Fax No.: (212) 637-2717
kathleen.zebrowski@usdoj.gov

cc: Carmen Nannette Vega (Olivio) (w/encl. financial disclosure form)

---

[2] The Government is willing to review defendant's payment agreement vis-à-vis her current income and expenses, and decrease her monthly payments, if warranted. We have therefore today mailed defendant a financial disclosure form that she should complete and mail to this Office. It should be noted, however, that in defendant's 2017 financial disclosure form, she indicated that she paid $126.00 in storage fees and $87.00 per month in "tithes" to her church. While the defendant may choose to pay for a storage unit and to pay a portion of her income to a church, such payments – absent a compelling reason to the contrary – should not be included in any rationale for a reduction of monthly restitution payments.